IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KE BABCOCK HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL ROBINETTE, D/B/A BABCOCK REAL ESTATE, and THE RANCH REALTY LLC<br><br>    Defendants. | Demand for a Jury Trial<br><br>Case No.: |

# COMPLAINT

Plaintiff KE Babcock Holdings, LLC ("Plaintiff" or "Babcock Holdings"), by and through its attorneys, for its Complaint against Defendants Michael Robinette, d/b/a Babcock Real Estate and The Ranch Realty LLC, states and alleges as follows:

## INTRODUCTION

1.  This is an action for trademark infringement and false designation of origin in violation of the laws of the United States and the State of Florida. Plaintiff seeks an injunction, recapture of profits, damages and related relief.

## THE PARTIES

2.  Plaintiff is a Limited Liability Company organized and existing under the laws of the State of Delaware with a principal address of 4500 PGA Boulevard, Suite 400, Palm Beach Gardens, FL 33418.

70732009;3

3. Upon information and belief, Defendant Michael Robinette is an individual doing business as Babcock Real Estate with a principal place of business at 16145 Sabal Path, Punta Gorda, FL 33982.

4. Upon information and belief, Defendant The Ranch Realty LLC is a Limited Liability Company organized and existing under the laws of the State of Florida with a principal address of 16145 Sabal Path, Punta Gorda, FL 33982.

## JURISDICTION AND VENUE

5. Plaintiff's claims are predicated upon the Lanham Act (15 U.S.C. § 1051, *et seq*.) and the common law of the State of Florida. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's common law claim pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants because: (a) Defendants have committed, and continue to commit, acts of trademark infringement and unfair competition in the Middle District of Florida, and (b) Defendants have purposefully directed that conduct at Plaintiff in the State of Florida, which has caused and continues to cause Plaintiff harm in this District. Defendants purposefully directed their activities toward the Middle District of Florida by willfully and unfairly competing with Plaintiff and

infringing Plaintiff's trademarks, knowing that Plaintiff conducts business in the Middle District of Florida.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Defendants have committed trademark infringement and acts of unfair competition in this district and Defendants are subject to personal jurisdiction in this district.

## GENERAL FACTUAL ALLEGATIONS

### Plaintiff's Rights

8. Since at least December 2006, Plaintiff has used the mark BABCOCK RANCH in connection with the development of a planned community located in West Florida, near southeastern Charlotte County and northeastern Lee County.

9. Plaintiff owns valid and subsisting United States Trademark Registration No. 3734572 (the "BABCOCK RANCH Mark") on the Principal Register in the United States Patent and Trademark Office for the service mark BABCOCK RANCH for "development of real property for single-family and multi-family residential, retail, office, industrial and master-planned community purposes."

10. The BABCOCK RANCH Mark is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11.     Attached as Exhibit 1 is a true and correct copy of the registration certificate for the BABCOCK RANCH Mark.

12.     Plaintiff has used the BABCOCK RANCH Mark in commerce throughout the United States continuously since at least as early as December 2006 in connection with the development, sale, promotion, advertising, and marketing of real property, including real estate brokerage and real estate listing services relating to such real property.

13.     As a result of its widespread, continuous, and exclusive use of the BABCOCK RANCH Mark to identify Plaintiff's services and Plaintiff as the source of such services, Plaintiff owns valid and subsisting federal statutory and common law rights to the BABCOCK RANCH Mark.

14.     The BABCOCK RANCH Mark is distinctive to both the consuming public and persons in the real estate development industry.

15.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its services provided under the BABCOCK RANCH Mark.

16.     Plaintiff also offers a program to educate real estate agents and brokers about the community developed by Plaintiff under the BABCOCK RANCH Mark, which Plaintiff has branded "Babcock Ranch Realtor University."

17. In addition to the BABCOCK RANCH Mark, Plaintiff owns valid and subsisting United States Trademark Registration No. 5,013,857 (the "BR Deign Mark") on the Principal Register in the United States Patent and Trademark Office for the service mark BR and Design for "real estate development for single-family and multi-family residential, retail, office, industrial and master-planned community purposes."

18. A depiction of the BR Design Mark is as follows:



19. The BR Design Mark includes the letters "BR", wherein the first letter "B" is inverted across a vertical axis and combined with the "R", and surrounded by an incomplete circle open at the bottom

20. The BR Design Mark is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

21. Attached as Exhibit 2 is a true and correct copy of the registration certificate for the BR Design Mark.

22. Plaintiff has used the BR Design Mark in commerce throughout the United States continuously since at least as early as January 19, 2016 in connection with the development, sale, promotion, advertising, and marketing

of real property, including real estate brokerage and real estate listing services relating to such real property.

23. As a result of its widespread, continuous, and exclusive use of the BR Design Mark to identify Plaintiff's services and Plaintiff as the source of such services, Plaintiff owns valid and subsisting federal statutory and common law rights to the BR Design Mark.

24. The BR Design Mark is distinctive to both the consuming public and persons in the real estate development industry.

25. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its services provided under the BR Design Mark.

### **Defendants' Wrongful Acts**

26. Upon information and belief, Defendant The Ranch Realty LLC is owned and operated by Defendant Michael Robinette.

27. Upon information and belief, Defendant Michael Robinette is the sole moving, active, conscious force behind all actions of Defendant The Ranch Realty LLC, including the trademark infringement complained of herein.

28. Upon information and belief, Defendants began providing real estate agency and brokerage services under the mark BABCOCK RANCH REALTY (the "Infringing Mark") in approximately July 2022, which fully

70732009;3

incorporates Plaintiff's BABCOCK RANCH Mark already in use in commerce by Plaintiff.

29. Defendants further incorporate the entirety of Plaintiff's BABCOCK RANCH Mark within the domain name under which Defendants offers their services online under the Infringing Mark, namely, at the following URL: https://babcockranchrealty.net/ (the "Infringing Website").

30. The Infringing Website prominently displays a logo that comprises the literal wording "The RANCH Realty at Babcock Ranch" situated next to a design, which includes the letters "RR", wherein the first "R" is inverted across a vertical axis and combined with the second "R", and surrounded by an incomplete circle open at the bottom (the "Infringing Logo"). An image of the Infringing Logo is reproduced below:



31. The Infringing Logo again comprises the entirety of Plaintiff's BABCOCK RANCH Mark, and the design component of the Infringing Logo is confusingly similar to that of Plaintiff's registered BR and Design Mark, wherein both designs comprise a confusingly similar combination of two letters (namely, "BR" in the BR and Design Mark, and "RR" in the Infringing Logo)

with the first letter inverted, surrounded by an incomplete circle open at the bottom.

32.   Throughout the Infringing Website, Defendants improperly use the BABCOCK RANCH Mark without Plaintiff's authorization, creating a false association between Defendants and their services on the one hand and Plaintiff and the other.

33.   By way of example, Defendants' homepage comprises a large image of an entrance sign depicting the BABCOCK RANCH Mark, a header tab simply stating BABCOCK RANCH that links to a history of and amenities featured at the BABCOCK RANCH planned community, and consistent failures to identify the BABCOCK RANCH mark as a registered trademark.

34.   At no point on the Infringing Website do Defendants include a disclaimer stating that Defendants are not affiliated with or endorsed by Plaintiff; nor do Defendants acknowledge Plaintiff's ownership of its registered trademarks.

35.   Defendants have previously used the domain name babcockrealestate.us to offer their real estate agency services under the mark BABCOCK REAL ESTATE.

36.   On or about December 9, 2022, Plaintiff sent Defendants a cease and desist letter requesting that (1) Defendants cease use of BABCOCK REAL

ESTATE and the babcockrealestate.us domain name, and that (2) Defendants properly refer to Plaintiff's trademarks.

37. Despite having knowledge of Plaintiff's rights to its registered mark, Defendants instead changed the domain name to that of the Infringing Website and failed to correct any of improper use of the BABCOCK RANCH Mark.

38. Additionally, despite having knowledge of Plaintiff's rights and its clear objections to Defendants' use of Plaintiff's registered trademarks, on or about January 1, 2023, Defendant Michael Robinette filed a trademark application with the United States Patent and Trademark Office for the Infringing Mark, BABCOCK RANCH REALTY, in connection with the following services in Class 36: "Real estate agency services; Real estate brokerage; Real estate brokerage of residential property; Commercial and residential real estate agency services; Providing real estate listings and real estate information via a website; Providing real estate listings and real estate information via the Internet; Providing real estate listings via the Internet; Residential real estate agency services."

39. On the trademark application for BABCOCK RANCH REALTY, Defendant Michael Robinette listed himself ("DBA Babcock Real Estate") as the owner of Infringing Mark.

9

40.     Defendants' Infringing Mark and their Infringing Logo are confusingly similar to Plaintiff's BABCOCK RANCH Mark and to Plaintiff's BR and Design Mark, and is being used on similar, if not identical, services intended for the same consumers in the same geographic area as Plaintiff's services provided under Plaintiff's marks.

41.     Through use of the Infringing Mark and Infringing Logo on the internet and their solicitation of consumers of their services in all parts of the United States, Defendants have used the Infringing Mark and Infringing Logo in interstate commerce.

42.     Defendants' use of the Infringing Mark and Infringing Logo is: (a) likely to cause confusion and mistake among the consuming public that such services originate with Plaintiff, and (b) likely to cause confusion and mistake among the consuming public that there is some affiliation, connection, or sponsorship between Defendants' Infringing Mark and Infringing Logo and Plaintiff's services provided under the BABCOCK RANCH Mark and the BR and Design Mark.

43.      Because Defendants are using the Infringing Mark and Infringing Logo in connection with the same or substantially same services for which Plaintiff uses its registered marks in the same geographic region, Defendants' actions are likely to cause consumers into believing that Defendants' services

are Plaintiff's, or authorized or approved by or otherwise associated with Plaintiff.

44. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and good will, entitling Plaintiff to damages as well as injunctive relief. Furthermore, any defect, objection or fault found with any of Defendants' services offered under the Infringing Mark or Infringing Logo will further injure the valuable reputation and goodwill Plaintiff has built up and established under Plaintiff's registered marks.

## COUNT I

## Federal Trademark Infringement
## (15 U.S.C. § 1114)

45. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1–44 of this Complaint as if fully set forth in this paragraph.

46. Plaintiff is the sole and exclusive owner of the federally registered BABCOCK RANCH Mark and BR and Design Mark. *See* Exs. 1 and 2.

47. Defendants have used and is continuing to use the Infringing Mark, which fully incorporates Plaintiff's registered BABCOCK RANCH Mark.

48. Defendants have used and is continuing to use the Infringing Logo, which fully incorporates Plaintiff's registered BABCOCK RANCH Mark and comprises a design that is confusingly similar to Plaintiff's registered BR and Design Mark.

49. Defendants' actions complained of herein in connection with identical or substantially similar services as are offered by Plaintiff were undertaken without Plaintiff's consent or approval.

50. Defendants' use and continued use of the Infringing Mark and Infringing Logo in marketing and offering in commerce similar services is an infringement of Plaintiff's exclusive rights and is likely to create confusion, or

to cause mistake, or to deceive in violation of § 32 of the Lanham Act, 15 U.S.C. §1114.

51. Defendants' activities complained of herein were and continue to be undertaken willfully and in bad faith.

52. Defendants are intentionally misappropriating Plaintiff's established goodwill and reputation, all to the irreparable injury of Plaintiff.

53. Pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117), Defendants' willful, deliberate actions entitle Plaintiff to an award of profits, damages and costs, including treble damages and Plaintiff's attorney's fees.

54. Defendants' activities complained of herein have caused and, unless restrained and enjoined, will continue to cause substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II

## False Designation of Origin and Unfair Competition
## (15 U.S.C. § 1125(a))

55. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in paragraphs 1–44 of this Complaint as if fully set forth in this paragraph.

56. Defendants' actions complained of herein in connection with identical or substantially similar services as are offered by Plaintiff were undertaken without Plaintiff's consent or approval.

57. Defendants' use and continued use of the Infringing Mark and Infringing Logo in marketing and offering in commerce similar services as Plaintiff is an infringement of Plaintiff's exclusive rights and constitutes false designation of origin that is likely to create confusion, or to cause mistake, or to deceive the public and relevant consumers as to the origin, sponsorship, or approval of Defendants' products and services by Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants' activities complained of herein were and continue to be undertaken willfully and in bad faith.

59. Defendants are intentionally misappropriating Plaintiff's established goodwill and reputation, all to the irreparable injury of Plaintiff.

60.     Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendants' willful, deliberate actions entitle Plaintiff to an award of profits, damages and costs, including treble damages and Plaintiff's attorney's fees.

61.     Defendants' activities complained of herein have caused and, unless restrained and enjoined, will continue to cause substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III

### Florida Common Law Trademark Infringement
### (Florida Statute § 495.161)

62.     Plaintiff adopts, restates, and realleges each and every allegation previously set forth in paragraphs 1–44 in this Complaint as if fully set forth in this paragraph.

63.     Plaintiff owns and enjoys common law trademark rights in Plaintiff's BABCOCK RANCH Mark and BR and Design Mark in Florida in conjunction with use of real estate and development services, which rights are superior to any rights that Defendants may claim in and to said trademarks.

64.     Defendants have used and is continuing to use the Infringing Mark, which fully incorporates Plaintiff's BABCOCK RANCH Mark.

70732009;3

65. Defendants have used and is continuing to use the Infringing Logo, which fully incorporates Plaintiff's BABCOCK RANCH Mark and comprises a design that is confusingly similar to Plaintiff's BR and Design Mark.

66. Defendants' actions complained of herein in connection with identical or substantially similar services as are offered by Plaintiff were undertaken without Plaintiff's consent or approval.

67. Defendants' use and continued use of the Infringing Mark and Infringing Logo in marketing and offering in commerce similar services in the State of Florida is likely to create confusion, or to cause mistake, or to deceive consumers as to the source of their services in that consumers thereof will be likely to associate or have associated such services as originating with Plaintiff, all to the detriment of Plaintiff.

68. Defendants' activities complained of herein were and continue to be undertaken willfully and in bad faith.

69. Defendants are intentionally misappropriating Plaintiff's established goodwill and reputation, all to the irreparable injury of Plaintiff.

70. Defendants' activities complained of herein have caused and, unless restrained and enjoined, will continue to cause substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

71. Defendants' aforesaid acts constitute infringement, unfair competition, misappropriation, and misuse of Plaintiff's BABCOCK RANCH Mark and BR and Design Mark, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff by:

A. Finding that Defendants' activities complained of herein are unlawful under federal and Florida law and that Defendants' use of the Infringing Mark and Infringing Logo constitutes federal trademark infringement and false designation of origin under the Lanham Act and trademark infringement under Florida common law;

B. Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

   1. using, in any fashion, any words, terms, names, symbols, devices, or any combination thereof, in a manner confusingly or deceptively similar to Plaintiff's BABCOCK RANCH Mark and BR and Design Mark, or inducing others to do so;

   2. engaging in any other activity constituting unfair competition and unfair or deceptive acts or practices with Plaintiff;

   3. making any statement or representation whatsoever, with respect to their services that falsely suggests they are from or associated with or approved by Plaintiff; and

    4.    engaging in any other activity, including the effectuation of assignments or transfers of their interests, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth above.

C. Ordering Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them to take whatever steps necessary to distinguish the source of their services from Plaintiff's services;

D. Ordering Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them to deliver to Plaintiff for destruction, all materials bearing Defendants' Infringing Mark or Infringing Logo;

E. Ordering Defendants, their subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them to fully compensate Plaintiff for the preparation and distribution of any necessary corrective advertising;

F. Requiring Defendants to account and pay over to Plaintiff, all profits realized by their wrongful acts and directing that such profits be enhanced due to, among other things, Defendants' willful actions;

G. Awarding Plaintiff damages for the injuries sustained by Plaintiff and directing that such damages be trebled due to, among other things, Defendants' willful actions;

H. Awarding Plaintiff its costs and reasonable attorneys' fees, expenses, and costs, together with pre-judgment interest;

I. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

J. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 28, 2023

Respectfully submitted,

AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel.: (561) 653-5000
Fax: (561) 659-6313

*/s/ David Brafman*
David Brafman (Florida Bar No. 0068289)
david.brafman@akerman.com
Mark Passler (Florida Bar No. 0058058)
mark.passler@akerman.com
J. Andre Cortes (Florida Bar No. 1011276)
andre.cortes@akerman.com

*Attorneys for Plaintiff KE Babcock Holdings, LLC*